**Leslie E. Baze**, OSB 103326, WSB 45781
E-Mail: lbaze@wageclaim.org
**David A. Schuck,** OSB 993564, WSB 37285
E-Mail: dschuck@wageclaim.org
**SCHUCK LAW, LLC**
Attorneys at Law
9208 NE Hwy 99, #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763
    Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| **DAVID LARSON**, an individual,<br><br>                **Plaintiff**,<br><br>v.<br><br>**SYKES ENTERPRISES,** a Florida corporation, *and* **JOHN CAGE ENTERPRISES,** a Missouri corporation,<br><br>                **Defendants**. | Case No. 6:17-cv-00780<br><br>**COMPLAINT (Wage Claims)**<br><br>Unpaid Wages Action (ORS 652.140, ORS 652.150, ORS 652.610, ORS 652.615, 29 USC 201 *et. seq.*)<br><br>DEMAND FOR JURY TRIAL |

      Plaintiff, David Larson, by and through the attorneys at Schuck Law, LLC, brings this complaint against Defendants Sykes Enterprises and John Cage Enterprises. Plaintiff alleges the following:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 USC 1331. This action is authorized and instituted pursuant to Section 6 of the Fair Labor Standards Act ("FLSA"), 29 USC 216(b).

2.     The Court has jurisdiction over Plaintiff's Oregon state-law claims set for in this

Page 1 - Complaint

Complaint pursuant to 28 USC 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative facts. The Oregon state -law claims are so related to the federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

3. The employment practices alleged herein were committed in the District of Oregon.

4. Plaintiff worked for Defendant in the state of Oregon.

## PARTIES

5. Defendants are foreign corporations.

6. Plaintiff is an individual who resides in and is a citizen in Oregon.

7. Defendants employed Plaintiff in Oregon.

8. Defendants are subject to the Fair Labor Standards Act of 1938, 29 USC 201-219 ("FLSA").

9. Defendants are subject to Oregon wage-and-hour laws.

10. Plaintiff had two periods of employment for Defendants: from approximately March 2 - May 20, 2015; and again from approximately February 28 - March 16, 2017.

11. Defendants employed Plaintiff as an at-will employee.

12. Defendants did not contract with Plaintiff to work for any specific period of time.

13. As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

14. During the course of Plaintiff's employment, Defendants allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendants.

15. Defendant agreed to pay Plaintiff at the hourly rate of $10.00.

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

16. Plaintiff's most recent period of employment for Defendants ended on March 16, 2017.

17. Defendant fired Plaintiff, unilaterally ending the employment relationship.

18. The final check was received by Plaintiff on approximately March 22, 2017, and it did not pay all wages due to Plaintiff.

19. On or about April 4, 2017, Plaintiff's attorney sent written notice of the wage claim to Defendants.

20. Defendants failed to pay the wages and penalties due to Plaintiff.

## FIRST CLAIM FOR RELIEF

(FLSA Minimum Wage, Liquidated Damages)

21. Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

22. Defendants are subject to the requirements of the Fair Labor Standards Act of 1938, 29 USC 201-219 ("FLSA").

23. Defendants are engaged in trade, commerce, transportation, transmission, and/or communication among and between the States.

24. On information and belief, Defendants are or are part of an enterprise engaged in interstate commerce with a gross business income of not less than $500,000, exclusive of excise taxes.

25. During the three-year period of employment before the filing of this case, Defendants allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendants.

26. Defendants failed to pay Plaintiff at the then-required minimum wage rate for all hours worked as required by the FLSA.

27. Under the FLSA, Defendants were required to pay Plaintiff's minimum wages for all

SCHUCK LAW, LLC
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

hours worked on Plaintiff's corresponding regularly scheduled pay day.

28. On or about the payday of March 10, 2017, Defendants deducted and withheld the full amount of wages due to Plaintiff.

29. Defendants failed and refused to pay Plaintiff any wages on his pay day of March 10, 2017.

30. Defendants failed and refused to make payment of any of the minimum wages due to Plaintiff on his pay day of March 10, 2017.

31. Defendants have not paid any liquidated damages owed to Plaintiff under the FLSA as a result of Defendants' failure to make timely payment of due minimum wages to Plaintiff.

32. Defendant's conduct in failing to pay minimum wages as alleged herein was willful, and there remain due and unpaid wages and liquidated damages due to Defendants' failure to pay.

33. Plaintiff seeks damages in the form of any and all due minimum wages; liquidated damages under the FLSA in an amount to be determined; pre-judgment and post-judgment interest on all damage amounts; and costs and attorney fees under the FLSA. 29 USC 216(b); ORS 82.010.

## SECOND CLAIM FOR RELIEF

(Wage Claim, Unlawful Deduction)

34. Plaintiff re-alleges all paragraphs as though fully alleged herein.

35. On or about March 10, 2017, Defendants deducted $207.76 from Plaintiff's wages. Said withholdings were unauthorized and in violation of ORS 652.610.

36. As a result of Defendants' wrongful withholdings, Plaintiff is entitled to actual damages or $200, whichever is greater, for each violation pursuant to ORS 652.615.

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

37. Plaintiff has been required to bring this action to recover statutory penalties provided by ORS 652.615.

38. Because of Defendant's failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200.

39. Because of Defendant's wrongful withholding from Plaintiff's wages, Plaintiff is entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

### THIRD CLAIM FOR RELIEF

(Late Payment at Termination Claim)

#### COUNT ONE

40. Plaintiff re-alleges all paragraphs as though fully alleged herein.

41. Defendants required Plaintiff to perform off-the-clock work during at least two lunch periods in March 2017 and did not pay any wages to Plaintiff for this time worked.

42. Plaintiff's employment with Defendants ended on March 16, 2017.

43. Defendants fired Plaintiff.

44. Defendants were required to pay all of Plaintiff's wages by no later than March 17, 2017, pursuant to ORS 652.140.

45. Defendants failed to pay Plaintiff all wages as set out above, and wages remain due and owing to Plaintiff.

46. Defendants failed to make payment of all of Plaintiff's earned wages when due and when

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

required by ORS 652.140.

47. The final check was not received by Plaintiff until March 24, 2017, and it did not pay wages owed to Plaintiff for his off-the-clock work.

48. In failing to timely pay Plaintiff's wages at the end of employment, Defendants were free agents.

49. In failing to timely pay Plaintiff's wages at the end of employment, Defendants determined their own actions.

50. In failing to timely pay Plaintiff's wages at the end of employment, Defendants were not responsible to, nor coerced by any other person, or entity, or authority.

51. Defendants knew Plaintiff's employment for Defendants had ended.

52. Defendants possessed all information regarding the hours worked by Plaintiff and the amount of wages due Plaintiff at termination.

53. Defendants were capable of paying all Plaintiff's wages earned and due at termination.

54. Defendants' failure to make payment of Plaintiff's final wages when due was wilful and continued for not less than 30 days.

55. Because of Defendants' failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of not less than $2,400.00, pursuant to ORS 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days.

56. Because of Defendants' failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200.

57. Plaintiff seeks statutory wages pursuant to ORS 652.150; costs, disbursements, and

SCHUCK LAW, LLC
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

attorney fees pursuant to ORS 652.200; and pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

## COUNT TWO

58. Plaintiff re-alleges all paragraphs as though fully alleged herein.

59. Plaintiff's first period of employment with Defendants ended on or about May 20, 2015.

60. Defendants failed and refused to pay approximately $17.84 owed to Plaintiff as compensation for work performed.

61. In failing to timely pay Plaintiff's wages at the end of employment, Defendants were free agents.

62. In failing to timely pay Plaintiff's wages at the end of employment, Defendants determined their own actions.

63. In failing to timely pay Plaintiff's wages at the end of employment, Defendants were not responsible to, nor coerced by any other person, or entity, or authority.

64. Defendants knew Plaintiff's employment for Defendants had ended.

65. Defendants possessed all information regarding the hours worked by Plaintiff and the amount of wages due Plaintiff at termination.

66. Defendants were capable of paying all Plaintiff's wages earned and due at termination.

67. Defendants' failure to make payment of Plaintiff's final wages when due was wilful and continued for not less than 30 days.

68. Because of Defendants' failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of not less than $2,400.00, pursuant to ORS 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days.

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

69. Because of Defendants' failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200.

70. Plaintiff seeks statutory wages pursuant to ORS 652.150; costs, disbursements, and attorney fees pursuant to ORS 652.200; and pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

## JURY DEMAND

71. Plaintiff demands trial by jury on all claims and all issues.

**WHEREFORE**, Plaintiff demands judgment from Defendant:

**Upon Plaintiff's claim for relief for failing to pay FLSA minimum wages**:

1. Any unpaid minimum wages that remain due to Plaintiff, in an amount to be determined after discovery is complete.

2. Liquidated damages under the FLSA in an amount to be determined but not less than $207.76.

3. Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

4. Costs, disbursements, and attorney fees under the FLSA. 29 USC 216(b).

**Upon Plaintiff's claim for relief for unlawful deduction from wages**:

1. Any unpaid minimum wages that remain due to Plaintiff, in an amount to be determined after discovery is complete.

2. Statutory penalties pursuant to ORS 652.615, in the amount of damages or $200.00,

**SCHUCK LAW, LLC**
9208 NE Hwy 99 #107-84 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

whichever is greater, for each violation.

3.      Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

4.      Costs, disbursements, and attorney fees pursuant to ORS 652.200 and 652.615.

**Upon Plaintiff's claim for relief for failing to timely pay all wages on termination**:

1.      Any unpaid wages that remain due to Plaintiff, in amounts to be determined after discovery is complete.

2.      Statutory penalties on each count, pursuant to ORS 652.150, in the total amount of $4,800.00 ($2,400.00 for each of two violations).

3.      Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

4.      Costs, disbursements, and attorney fees pursuant to ORS 652.200.

**Upon any counterclaim or defense asserted by Defendant without a objectively reasonable basis, or where Defendant disobeys a court order**:

1.      Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

DATED:  May 18, 2017.

Schuck Law, LLC

    /s/ Leslie E. Baze
LESLIE E. BAZE
OSB # 103326, WSB # 45781
(360) 566-9243
Attorney for Plaintiff